CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
April 15, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARCIE C.,[1]  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.   )<br>  )<br>COMMISSIONER OF  )<br>SOCIAL SECURITY ADMINISTRATION,  )<br>  )<br>    Defendant.  ) | Civil Action No. 7:20-cv-00026<br><br>By:  Elizabeth K. Dillon<br>      Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Before the court is a motion filed by plaintiff's counsel requesting attorneys' fees under the Social Security Act, 42 U.S.C. § 406(b), for representing plaintiff Marcie C. in an appeal before the court regarding disability insurance benefits ("DIB"). (Dkt. No. 25.) Defendant, the Commissioner of the Social Security Administration ("the Commissioner"), "neither supports nor opposes counsel's request for attorney's fees" but asks that the court determine whether the requested amount of $20,000.00 is "reasonable under law." (Dkt. No. 27.) For the reasons that follow, the court will grant the motion for attorneys' fees in full.

I.  BACKGROUND

On January 10, 2020, plaintiff Marcie C. filed a complaint with the court, seeking review of the Commissioner's final decision, which denied her application for DIB under the Social Security Act, 42 U.S.C. §§ 401–433. (Compl., Dkt. No. 1.) Both Marcie and the Commissioner moved for summary judgment. (Dkt. Nos. 11, 15.) The court referred the matter to the magistrate judge who issued a report and recommendation ("R&R"), recommending the court

---

[1] Due to privacy concerns, the court is adopting the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States that courts only use the first name and last initial of the claimant in social security opinions.

grant Marcie's motion for summary judgment in part, deny the Commissioner's motion for summary judgment, and remand the matter to the Commissioner for further administrative proceedings. (Dkt. No. 20.) On August 31, 2021, the court adopted the R&R, and the case was remanded to the Commissioner for further action. (*See* Dkt. Nos. 21, 22.)

Subsequently, the parties agreed that Marcie was entitled to $5,300.00 in attorneys' fees under the Equal Access to Justice Act ("EAJA"), and the court awarded that amount on September 21, 2021. (Dkt. No. 24.)

On remand, Marcie prevailed and was awarded past-due benefits totaling $163,784.00.[2] (Notice of Award 3, Dkt. No. 25-1.) It was later determined that Marcie was entitled to a monthly child's benefit, which increased her total amount of past-due benefits to $198,184.00. (*Id.* at 8–11 (increasing total benefit amount by $34,400.00).) Of this amount, 25%, or $49,546.00, is being withheld for attorneys' fees. (*Id.* at 3–11.) On April 15, 2024, Marcie's attorney filed a motion for attorneys' fees under 42 U.S.C. § 406(b), requesting $20,000.00 of the withheld amount, which amounts to approximately 10% of past-due benefits awarded to Marcie. (Dkt. No. 25.) The Commissioner has responded, taking no position on the request but asking the court to determine the reasonableness of the requested fee amount.[3] (Dkt. No. 27.)

---

[2] The initial Notice of Award does not specify the exact dollar amount of the past-due benefits awarded to Marcie. However, it does state that $40,946.00, representing 25% of past-due benefits, is being withheld for attorneys' fees. (Notice of Award 3.) Based on that information, the court can conclude that this amount accurately reflects the total past-due benefits awarded to Marcie in the Notice of Award issued on November 7, 2022.

[3] The court notes that 526 days elapsed between the issuance of the initial Notice of Award on November 7, 2022, and the filing of the petition for § 406(b) attorneys' fees on April 15, 2024. In a supplemental filing submitted at the court's request, counsel attributes the delay to several factors, including: (1) the late receipt of § 406(a) attorneys' fees tied to administrative proceedings, which were not received until September 1, 2023; (2) a lack of confirmation regarding whether attorneys' fees were still being withheld by the SSA until January 17, 2024; and (3) the delayed signing of an affidavit by Marcie, agreeing to the § 406(b) fee amount of $20,000.00, which did not occur until March 4, 2024. (*See* Dkt. No. 29.)

The court acknowledges that there was a challenge to the § 406(a) attorneys' fees request in relation to administrative proceedings before the Commissioner. (*See* Dkt. No. 25-2.) While the court recognizes that the outcome of that dispute could have potentially affected the amount of § 406(b) fees sought pursuant to the fee agreement between counsel and Marcie (s*ee* Fee Agreement, Dkt. No. 25-3 ("I agree my Attorney shall charge and receive as the fee an amount equal to twenty-five (25%) of the past-due benefits that are awarded to my family and me in the event my case is won.")), it does not sufficiently explain the 295-day delay between the approval of

## II.  DISCUSSION

Section 406 of the Social Security Act provides the statutory basis for awarding attorneys' fees in a social security case, with § 406(a) governing fees for representation in administrative proceedings and § 406(b) governing fees provided for representation in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).  When awarding fees under § 406(b), a court must determine whether the contingent-fee agreement, provided it does not exceed 25% of past-due benefits, is reasonable.  A reduction in the fee, even if the agreement is presumptively valid, may be appropriate under certain circumstances, such as when "(1) the fee is out of line with the character of the representation and the results achieved, (2) counsel's delay caused past due benefits to accumulate during the pendency of the case in court, or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case." *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (cleaned up) (citing *Gisbrecht*, 535 U.S. at 808).

The court has considered counsel's contingent-fee agreement with Marcie, which stipulates that counsel "has the right under this contract to ask the court to award as much as 25% of [Marcie's] past-due benefits for representing [her] in court."  (Dkt. No. 25-3.)  It notes that the requested fee of $20,000 only represents approximately 10% of past-due benefits awarded to Marcie.  The court has also reviewed the itemized time entries, which indicate that counsel has

---

administrative attorneys' fees for $6,000 on June 26, 2023 (Dkt. No. 25-2) and the filing of the motion for § 406(b) attorneys' fees with this court on April 15, 2024 (Dkt. No. 25).

The court recognizes counsel's success in this case and his zealous advocacy, as demonstrated in the filings related to Marcie's dispute, the timeliness of § 406(b) petitions is an issue that should not be overlooked.  The SSA can withhold funds for years after a case is successfully resolved in the claimant's favor following remand, and those funds could potentially be returned to the claimant if a court finds the § 406(b) fee request unreasonable. Prompt filing of a § 406(b) petition is in the best interest of both counsel and the claimant.

While the court finds that the reasons provided do not adequately explain the significant delay in counsel's request, it will accept the motion as timely.  Although the Commissioner has no direct financial stake in the outcome of § 406(b) petitions, he "plays the part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).  Because the Commissioner has raised no timeliness objection, the court accepts the petition as timely.  *See Bergen v. Commissioner of Social Sec.*, 454 F.3d 1273, 1277–78 (11th Cir. 2006) ("Because the Commissioner has not objected to the timeliness of the attorney's fee petitions, we do not address this issue in this case and merely hold that the petitions were timely.").

dedicated a total of 27.05 hours to tasks related to the representation before this court. (Dkt. No. 25-6.) The court finds that none of the factors outlined in *Mudd* require a reduction in fee. Additionally, the court notes that the fee award results in an hourly rate of approximately $739.37 for counsel. This rate is not unreasonable given the degree of success in the case and falls within a reasonable range for the Fourth Circuit. *See, e.g.*, *Stephen F. v. O'Malley*, No. 3:22-CV-00413, 2024 WL 2059741, at *2 (S.D.W. Va. May 8, 2024) (awarding § 406(b) fees in an amount equal to an hourly rate of $673.83); *Grayer v. Colvin*, No. 5:22-CV-149-RJ, 2024 WL 5110047, at *2 (E.D.N.C. Dec. 13, 2024) (awarding § 406(b) fees in an amount equal to an hourly rate of $563.90); *Byas v. O'Malley*, No. CV 0:21-790-PJG, 2024 WL 4520094, at *1 (D.S.C. Sept. 12, 2024) (awarding § 406(b) fees in an amount equal to an hourly rate of $880.30). Considering all of these factors, the court will award the requested fee of $20,000.00, in accordance with the terms of the contingent-fee agreement.

As noted above, the court previously issued an order awarding EAJA attorneys' fees in the amount of $5,300.00. Attorney fee awards may be granted under both the EAJA and § 406(b). However, the attorney must refund the claimant the smaller of the two fee amounts. *Gisbrecht*, 535 U.S. at 796 (internal citation omitted). Therefore, counsel must refund Marcie $5,300.00 upon receipt of the § 406(b) attorneys' fees.

### III. CONCLUSION AND ORDER

For the reasons set forth herein, it is hereby ORDERED as follows:

1. The motion for attorneys' fees under 42 U.S.C. § 406(b) (Dkt. No. 25) is GRANTED;

2. The court authorizes a payment of Twenty Thousand Dollars and Zero Cents ($20,000.00) to David S. Bary, Esquire, as § 406(b) attorneys' fees for court-related services; and

3. Upon receipt of the § 406(b) fees awarded by this order, counsel shall pay Marcie the

sum of Five Thousand Three Hundred Dollars ($5,300.00), which represents the fee previously received by counsel under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

The clerk is directed to send a copy of this memorandum opinion and order to all counsel of record.

Entered: April 15, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge